```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

NOVELIS CORPORATION,              *

    Plaintiff,                   *

vs.                               *

                                            CASE NO. 3:16-CV-42 (CDL)

TBS FACTORING SERVICE, LLC, *et**
al.*,*

    Defendants.                  *

                          O R D E R

Plaintiff Novelis Corporation filed this action in the Superior Court of Greene County, Georgia. Defendant TBS Factoring Service, LLC removed the action to this Court based on diversity of citizenship under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In its notice of removal, TBS Factoring asserted that none of the other defendants had been served and that their consent to removal was thus unnecessary. In fact, Defendant Michael G. Polack was served the day before TBS Factoring filed its notice of removal, and Polack did not (and does not) consent to removal. TBS Factoring does not dispute that this action must be remanded to the

Superior Court of Greene County, Georgia, and Novelis's Motion to Remand (ECF No. 2) is therefore granted.

TBS Factoring does object to Novelis's prayer for reasonable attorney's fees under 28 U.S.C. § 1447(c). Under § 1447(c), the Court's order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds that an award of costs is not warranted in this case. First, based on Novelis's own submissions, TBS Factoring had reason to believe that none of the other defendants had been served when TBS Factoring filed its notice of removal. TBS Factoring's counsel asked Novelis's counsel on the afternoon of April 25, 2016—the day before TBS Factoring filed its notice of removal—whether any other defendant had been served. Pl.'s Mot. to Remand Ex. C, Email from Michael Ullman to Peter Busscher (Apr. 25, 2016 at 1:47 PM), ECF No. 2-4. Novelis's counsel responded, "As for the other defendants, we will be serving them." Pl.'s Mot. to Remand Ex. C, Email from Peter Busscher to Michael Ullman (Apr. 25, 2016 at 2:08 PM), ECF

No. 2-4. Based on these emails, TBS Factoring had reason to believe that none of the other defendants had been served when it filed the notice of removal.

Second, TBS Factoring represents that immediately after Novelis advised TBS Factoring that Pollack had been served prior to removal and that he objected to removal, TBS Factoring's counsel sought confirmation from Pollack. The day after Novelis filed its motion to remand, Pollack confirmed to TBS Factoring that he objected to removal. At that point, TBS Factoring consented to remand but not to an award of attorney's fees. Under these circumstances, the Court declines to award attorney's fees under § 1447(c).

CONCLUSION

For the reasons set forth above, Novelis's Motion to Remand (ECF No. 2) is granted, and this action is remanded to the Superior Court of Greene County, Georgia. The Court denies Novelis's request for attorney's fees.

IT IS SO ORDERED, this 12th day of July, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
